IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-02324-REB-KLM

TAMIKA A. BROWN,

    Plaintiff,

v.

ROGER AGEN, and
WENDY'S INTERNATIONAL, INCORPORATED,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on the defendants' **Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6)** [#11] filed December 11, 2009. The plaintiff has not filed a response. I grant the motion.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

The defendants seek dismissal under Fed. R. Civ. P. 12(b)(1), which permits dismissal for lack of subject matter jurisdiction, and 12(b)(6), which permits dismissal for failure to state a claim on which relief can be granted. I resolve the motion under Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the

complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[1] Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 550 U.S. at 556) (internal quotation marks omitted)).

---

[1] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit has clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

## III. ANALYSIS

The plaintiff asserts employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17. Under 42 U.S.C. § 2000e-5(f)(1), a plaintiff must file suit on a Title VII claim within 90 days of receiving a Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC).

> It is well settled that the 90-day period for filing a civil lawsuit after final disposition of a complaint by the EEOC is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling," **Zipes v. Trans World Airlines, Inc.**, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). **Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.**, 702 F.2d 857, 859 (10th Cir.1983). Thus, the requirement is not jurisdictional but is in the nature of a statute of limitations. **Zipes**, 455 U.S. at 393, 102 S.Ct. at 1132.

**Biester v. Midwest Health Services, Inc.**, 77 F.3d 1264, 1267 (10th Cir. 1996); *see also, e.g.,* **Harms v. IRS**, 321 F.3d 1001, 1006 (10th Cir. 2003). The equitable exceptions to this time limitation are construed narrowly. **Biester**, 77 F.3d at 1267.

The plaintiff alleges in her complaint [#3] that she received a Notice of Right to Sue on June 17, 2009. *Complaint* [#3], ¶ 8. Her complaint [#3] was received by the court on September 18, 2009, ninety three days after she received the Notice of Right to Sue. For reasons not relevant here, the plaintiff's complaint was filed with the court on September 30, 2009. Nothing in the record indicates that waiver, estoppel, or equitable tolling are applicable in this case. Accepting the allegations in the plaintiff's complaint as true, her Title VII claims are time barred because the plaintiff's complaint was filed after the 90 day time limitation of 42 U.S.C. § 2000e-5(f)(1) had expired. Therefore, the allegations in the plaintiff's complaint are not sufficient to state a claim on which relief can be granted. The defendants' motion to dismiss under FED. R. CIV. P. 12(b)(6) should be granted.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the defendants' **Motion To Dismiss Pursuant To F**ED**. R. C**IV**. P. 12(b)(1) and/or 12(b)(6)** [#11] filed December 11, 2009, is **GRANTED**;

2.  That under FED. R. C IV. P. 12(b)(6), the plaintiff's complaint [#3] is **DISMISSED**;

3.  That the Trial Preparation Conference set for October 7, 2011, is **VACATED**;

4.  That the trial set to commence October 24, 2011, is **VACATED**,

5.  That **JUDGMENT SHALL ENTER** in favor of the defendants, Roger Agen and Wendy's International, Incorporated, against the plaintiff, Tamika A. Brown;

6.  That the defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to F ED. R. C IV. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

7.  That this case is **CLOSED**.

Dated September 16 2010, at Denver, Colorado.

BY THE COURT:

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge